POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Hosam Alqurashi and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE CARR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOSANO PHARMA CORPORATION, STEVEN LO, JOHN P. WALKER, and KONSTANTINOS ALATARIS,<br><br>Defendants. | Case No.: 3:20-cv-07625-EMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF HOSAM ALQURASHI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>CLASS ACTION<br><br>Date:  February 4, 2021<br>Time:  1:30 p.m.<br>Judge:  Hon. Edward M. Chen<br>Courtroom:  5 – 17th Floor |

| | |
|---|---|
| ROB BECERRA, Individually and On Behalf of All Others Similarly Situated, | Case No.: 3:20-cv-07850-CRB |
| Plaintiff, | CLASS ACTION |
| v. | |
| ZOSANO PHARMA CORPORATION, STEVEN LO, JOHN P. WALKER, and KONSTANTINOS ALATARIS, | |
| Defendants. | |

Movant Alqurashi[1] respectfully submits this Memorandum of Points and Authorities in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff in the Related Actions on behalf of the Class, and approval of his selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 33); and in opposition to the competing motions of: (i) John O'Rourke ("O'Rourke") (Dkt. No. 9); (ii) William Kamer ("Kamer") (Dkt. No. 22); and (iii) Tuk Doss ("Doss") (Dkt. No. 29).[2]

## I.   PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Zosano securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not define "financial interest," courts in the Ninth Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB et al., 2013 U.S. Dist. LEXIS 29876, at \*18-\*19 (N.D. Cal. Mar. 4, 2013); *In Re Wrap Techs., Inc. Sec. Exch. Act Litig.*, No. CV208760DMGRAOX, 2021 WL 71433, at \*2 (C.D. Cal. Jan. 7, 2021)

---

[1] All capitalized terms herein are defined in Alqurashi's moving brief, unless otherwise indicated.  *See* Dkt. No. 33.

[2] Three other movants initially filed similar competing motions: (i) Robert L. Baker ("Baker") (Dkt. No. 13); (ii) Michael Gensemer ("Gensemer") (Dkt. No. 15); and (iii) Gary Bala ("Bala") Dkt. No. 26).  On December 30, 2020, Gensemer filed a notice of withdrawal of his motion, stating that, "[h]aving reviewed the competing motions filed in the action, [Gensemer] does not appear to have the largest financial interest."  Dkt. No. 36.  On January 11, 2021, Baker and Bala both filed notices of non-opposition to competing motions, each acknowledging that he did not appear to possess the largest financial interest in this litigation.  Dkt. Nos. 37-38.

MEMORANDUM OF POINTS AND AUTHORITIES - 3:20-CV-07625-EMC; 3:20-CV-07850-CRB

(citing *Waterford Twp. Police v. Mattel, Inc.*, No. CV 17-04732-VAP (KSx), 2017 WL 10667732, at \*5 (C.D. Cal. Sept. 29, 2017)).  Courts especially emphasize the significance of monetary loss over other financial interest metrics when, as here, multiple corrective disclosures are alleged, as it provides a more reliable evaluation of financial interest than other factors.  *See, e.g.*, *Melucci v. Corcept Therapeutics, Inc.*, No. 19-CV-01372-LHK, 2019 U.S. Dist. LEXIS 173932, at \*9 (N.D. Cal. Oct. 7, 2019) ("where disclosures are made gradually and have multiple market impacts on share price . . . a measure of net shares purchased and a "retained shares" calculation are less useful analytical tools where gradual disclosures are involved, because those methods assume a constant "fraud premium" throughout the class period.'" (quoting *Mulligan v. Impax Labs., Inc.*, No. C-13-1037-EMC, 2013 U.S. Dist. LEXIS 93119, 2013 WL 3354420 (N.D. Cal. July 2, 2013))); *In re Lyft Sec. Litig.*, No. 19-cv-02690-HSG, 2020 U.S. Dist. LEXIS 37606, at \*11-\*14 (N.D. Cal. Mar. 4, 2020).

Here, the movant with the greatest financial interest within the meaning of the PSLRA is Alqurashi, having suffered approximately ***$394,833*** in losses in connection with his purchases of Zosano securities as a result of the Company's alleged malfeasance.[3]  Alqurashi's $394,833 loss is more than $225,000 larger than the loss incurred by Kamer, the movant with the second-largest loss.  As such, Alqurashi clearly has the greatest financial interest within the meaning of the PSLRA among the putative Class members seeking appointment as Lead Plaintiff.

Alqurashi also satisfies the typicality and adequacy requirements of Rule 23.  Alqurashi, like all members of the Class, purchased Zosano securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure

---

[3] Alqurashi's losses are the same, whether calculated on a first-in, first out ("FIFO") or last-in, first-out ("LIFO") basis.

of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23. *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Alqurashi's significant losses gives him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Alqurashi is aware of no conflict between his interests and those of the putative Class; and in Pomerantz, Alqurashi has retained qualified and experienced class counsel. *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019).

Further demonstrating his adequacy, Alqurashi has submitted a Declaration in further support of his motion, attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Declaration of Jennifer Pafiti in Further Support of Motion and in Opposition to Competing Motions ("Pafiti Opp. Decl."), Ex. A.

For the reasons set forth herein, Alqurashi respectfully submits that his motion should be granted in its entirety, and that the competing motions should be denied.

II.    **ARGUMENT**

A.    **Alqurashi Should Be Appointed Lead Plaintiff**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage

that he or she satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Alqurashi.

### 1.     Alqurashi Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Ninth Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19 (finding "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses"); *Wrap Techs.*, 2021 WL 71433, at *2 (finding that "[i]n th[e] [Ninth] circuit, no case law requires the Court to give equal weight to the first three . . . *Lax* factors," that "court[s] used the first three factors to support appointment of a lead plaintiff with the largest loss, not to appoint a lead plaintiff that did not have the largest loss, yet had the largest number of shares and expenditures," and that, "[i]n accordance with the weight of authority, the Court finds that the approximate losses suffered is the most important consideration" (citing *Waterford*, 2017 WL 10667732, at *5 (collecting cases and finding that "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis"))); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16,

2007) (equating financial interest with monetary loss); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

Additionally, in cases where multiple corrective disclosures are alleged—such as the Related Actions, in which two corrective disclosure are alleged (*see Carr* Complaint ¶¶ 36-39; *Becerra* Complaint ¶¶ 36-39)—courts in the Ninth Circuit, and this District, place even greater weight on monetary loss as the most reliable measure of financial interest, rather than any of the other three *Lax* factors.  *See, e.g.*, *Lyft*, 2020 U.S. Dist. LEXIS 37606, at *11-*14 (finding monetary loss a better measure of financial interest than retained shares in case with multiple corrective disclosure because "there likely was not a constant fraud premium," meaning that "a retained shares approach would not result in the most accurate loss calculation"); *Melucci v. Corcept Therapeutics, Inc.*, No. 19-CV-01372-LHK, 2019 U.S. Dist. LEXIS 173932, at *9 (N.D. Cal. Oct. 7, 2019) (same); *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *19-*20 (same).

Under the foregoing analysis, none of the competing movants seeking appointment as lead plaintiff in the Related Actions has alleged a larger financial interest in the litigation than Alqurashi.  The following chart summarizes Alqurashi's substantial financial interest compared to that of the only competing movants:

| Movant | Loss |
|---|---|
| Alqurashi | $394,833 |
| Kamer | $169,046 |
| Doss | $135,540 |
| O'Rourke | $81,747 |

As the chart reflects, Alqurashi suffered a loss of approximately *$394,833* in the Related Actions, which is over $225,000 more than that of Kamer, the movant with the next-largest loss.  As such, Alqurashi clearly has the greatest financial interest in this litigation within the meaning of the PSLRA.

### 2. Alqurashi Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Alqurashi has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, Alqurashi's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in the Related Actions are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at \*3. Second, Alqurashi satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Staton*, 327 F.3d at 957; *Karinski*, 2019 WL 8013753, at \*1.

Moreover, Alqurashi has further demonstrated his adequacy by submitting a Declaration in support of his motion, attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Opp. Decl., Ex. A.

Finally, as discussed in greater detail below, Alqurashi has also demonstrated his adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

To overcome the strong presumption entitling Alqurashi to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

* * * *

Because Alqurashi has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

### 3. Alqurashi's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).

Here, Alqurashi has selected Pomerantz as Lead Counsel for the Class. As Pomerantz's resume reflects, the firm is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 33-6. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Thus, the Court may be assured that by approving Alqurashi's selection of counsel, the members of the Class will receive the best legal representation available.

### III.    CONCLUSION

For the foregoing reasons and for the reasons set forth in his moving brief (Dkt. No. 33), Alqurashi respectfully requests that the Court grant his motion in its entirety and deny the competing motions of O'Rourke, Kamer, Bala, and Doss.

Dated:  January 11, 2021                       Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano*
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom*
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Hosam Alqurashi and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein*
60 East 42nd Street, Suite 4600

MEMORANDUM OF POINTS AND AUTHORITIES - 3:20-CV-07625-EMC; 3:20-CV-07850-CRB

New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Hosam Alqurashi*

(**pro hac vice* applications forthcoming)

MEMORANDUM OF POINTS AND AUTHORITIES - 3:20-CV-07625-EMC; 3:20-CV-07850-CRB

**PROOF OF SERVICE**

I hereby certify that on January 11, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

10
MEMORANDUM OF POINTS AND AUTHORITIES - 3:20-CV-07625-EMC; 3:20-CV-07850-CRB