KEKER, VAN NEST & PETERS LLP
LAURIE CARR MIMS - # 241584
lmims@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
TAYLOR REEVES - # 319729
treeves@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
ZOSANO PHARMA CORPORATION, STEVEN LO,
JOHN P. WALKER, and KONSTANTINOS ALATARIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE CARR, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOSANO PHARMA CORPORATION, STEVEN LO, JOHN P. WALKER, and KONSTANTINOS ALATARIS,<br><br>Defendants. | Case No. 3:20-cv-07625-EMC<br><br>(Consolidated with Case No. 3:20-cv-07850)<br><br>**DEFENDANTS' REQUEST TO INCORPORATE BY REFERENCE IN SUPPORT OF REPLY BRIEF FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:         July 22, 2021<br>Time:        1:30 p.m.<br>Dept.:       Courtroom 5 – 17th Floor<br>Judge:      Hon. Edward M. Chen<br><br>Date Filed: October 29, 2020<br><br>Amended Complaint Filed:    March 30, 2021<br><br>Trial Date:  TBD |

## DEFENDANTS' REQUEST TO INCORPORATE BY REFERENCE

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 10(c) and applicable case law, Defendants Zosano Pharma Corporation ("Zosano"), Steven Lo, John P. Walker, and Konstantinos Alataris ("Defendants") hereby respectfully request that the Court consider the following document incorporated into the Consolidated Amended Class Action Complaint (ECF No. 68), for purposes of adjudicating Defendants' Motion to Dismiss, filed on May 14, 2021:

- A transcript of the investor earnings call held by Zosano on May 14, 2019 attached as **Exhibit A** to the Declaration of Taylor Reeves in support of Defendants' Reply ("Reeves Declaration").

Dated:  July 6, 2021                                    KEKER, VAN NEST & PETERS LLP

                                         By:    /s/ Laurie Carr Mims
                                                LAURIE CARR MIMS
                                                CODY S. HARRIS
                                                TRAVIS SILVA
                                                TAYLOR REEVES

                                                Attorneys for Defendants

1

1713374

## **MEMORANDUM OF POINTS AND AUTHORITIES**

As Defendants explained in the parallel request accompanying their Motion to Dismiss, a plaintiff can mislead a court about a document's contents by selectively quoting from that document in the plaintiff's complaint. The incorporation-by-reference doctrine stops plaintiffs from mischaracterizing documents in that manner. When a document is incorporated by reference into the complaint because of the complaint's reliance on that document, the reviewing court may consider the full document when resolving a motion to dismiss.

Plaintiffs' Consolidated Amended Class Action Complaint ("Complaint") misleadingly quotes cherry-picked portions of the May 14, 2019 call transcript attached as **Exhibit A** to the Declaration of Taylor Reeves in support of Defendants' Reply ("Reeves Declaration"). Defendants ask the Court to consider this document incorporated by reference into the Complaint and, further, to consider its full contents when resolving Defendants' Motion to Dismiss.

## I.    LEGAL STANDARD

The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This Court has noted that under "the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the document in its entirety.'" *In re Leapfrog Enter., Inc., Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)). While a defendant may not use the doctrine of incorporation-by-reference to dispute a well-pleaded fact in a complaint, it can be used to dispute a plaintiff's conclusory allegations. *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

## II.    THE COURT SHOULD INCORPORATE BY REFERENCE EXHIBIT A TO THE REEVES DECLARATION.

The Complaint contains allegations about Zosano's conference calls with investors.

2

1713374

**Exhibit A** is the transcript of one such call, the call held on May 14, 2019. The Complaint alleges that this transcript contains a false or misleading omission and that it contains scienter evidence. *See* CAC ¶¶ 136, 137; CS 51. This document meets the incorporation-by-reference standard articulated by the Ninth Circuit and within this District, and courts of this District routinely consider such documents when analyzing, on a motion to dismiss, whether a plaintiff has adequately alleged that a statement is false or misleading. *See, e.g.*, *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592 (N.D. Cal. 2019) (incorporating call transcript); *In re Apple Inc. Sec. Litig.*, 19-cv-02033-YGR, 2020 WL 2857397 at *5 (N.D. (same); *see also In re Leapfrog*, 200 F. Supp. at 992, 1011 (this Court considering document incorporating by reference and analyzing it en route to dismissing 10b-5 claim); *In re Nektar Therapeutics*, No. 18-cv-06607-HSG, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (incorporating by reference sources that plaintiffs in a securities fraud case alleged contained a false or misleading statement). Because **Exhibit A** meets the incorporation by reference standard, the Court should consider it in resolving Defendants' Motion to Dismiss.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference **Exhibit A** into the Complaint and consider it as it resolves Defendants' Motion to Dismiss.

Dated:  July 6, 2021                                    KEKER, VAN NEST & PETERS LLP


                                                        By:    */s/ Laurie Carr Mims*
                                                                LAURIE CARR MIMS
                                                                CODY S. HARRIS
                                                                TRAVIS SILVA
                                                                TAYLOR REEVES

                                                                Attorneys for Defendants

DEFS.' REQUEST TO INCORPORATE BY REFERENCE IN SUPPORT OF REPLY
Case No. 3:20-cv-07625-EMC (Consolidated with Case No. 3:20-CV-07850)
1713374